Yes. We're happy to hear from you. Morning, Your Honors. May it please the Court, Jonathan Ellis, on behalf of Appellant Andrew Allen. The principal question in this appeal is when is a Title VII action commenced, where a plaintiff delivers his complaint to the District Court alongside a motion for IFP? Is it commenced when the complaint is delivered or only after the IFP motion is resolved and any filing fee is paid? Can you – sorry, just because you start with this idea of the IFP motion, does that matter? Would your view on the case be different if he didn't include the IFP motion? Does that make any – I mean, you just mentioned it right out the gate, and so I'm – we tend to mention those things that we think matter. And so I'm curious. I sort of took your argument to really be at its core. IFP or not, filing fee or not, doesn't make a difference. Absolutely, Your Honor. That's correct. I think the IFP motion is what tripped up the Court below, and so I mention it here. I think that's what my opponents think is a differentiating factor. I don't think it has any bearing at all. I think the correct answer is the one that the majority of circuits to address this question and similar ones have reached, that the case is commenced when the complaint is delivered. I think that – Does that counsel – does – I think the answer to Judge Richland's question implies this. Assume your client didn't pay the fee ultimately in time. Would you still say it was commenced when it was delivered initially? Absolutely, Your Honor, I do. I think in that case there may be another reason to dismiss the case. I think Rule 41B would provide for that or potentially it could be Rule 11, sanction. But I think the case would have been commenced at that point. And I think that because that's what the federal rules say. I mean Federal Rule 3 says a civil action is commenced by the filing of a complaint. And Federal Rule 5 says that a paper not filed electronically is filed by delivering it to the clerk. That's exactly what my client did under anybody's understanding of the facts in this case. So if he had just filed, I know counterfactually, imagine that he had just filed an IFP motion, no complaint. That doesn't commence an action, right? That's correct, Your Honor. Yes, what has to be with the court is the complaint. And it's really – I mean I don't want to be a broken record, but it's the text of the rules and I don't think there's anything else that I've seen. Can I ask you about this proposed complaint thing that seemed to trip up the district court? Is that because of some local rule or practice in this court that technically it's stamped or filed as a proposed complaint? Why are we calling it a proposed complaint? Did your client call it a proposed complaint? No, Your Honor, he did not. I don't know why it was called a proposed complaint. You can see that if you look at the complaints in the record at JA-15 and JA-133. Those are the two complaints. They are captioned complaint. Everything in there is a fully formed complaint. Indeed, if you flip to page JA-38 and JA-44, you'll see the filed complaints. It's the same document. Exactly. It's like a motion to amend setting. When you're filing a motion to amend, you attach your amended complaint. And it's kind of called proposed until the motion is granted. That may be the analogy that the court was thinking of there. And, of course, that might run differently because you've got to get permission in most cases to amend your complaint. I still think it's filed, but I don't think it's in the statute. So the view that is, look, regardless of whether this district court deems things a proposed complaint until IFP is granted, Rule 3 says what Rule 3 says. That's right, Your Honor. I do think the answer is most consistent as well with the most analogous Supreme Court precedent. And I know that Your Honor was not looking for policy decisions, but it happens to be happily the one that's most consonant with fairness. The precedent you're referring to is Parisi? Yes, sir. I'm happy to address any questions before the court, but if not, I'll ask the court to reverse and remand this case for my client to have his day in court. Thank you, Ms. Ellis. Ms. McCudden, we're happy to hear from you. Thank you, Your Honors, and may it please the court. The district court properly concluded that the statute of limitations should not have been told in this case. And it's based on the specific facts of this case and the defendant's excuse me, Mr. Allen's unclean hands in the way that he went about bringing his complaint before this court. Mr. Allen filed. You might you might be right that if we're in a tolling world, the district court didn't abuse its discretion declining to be tolling. But I take your friend on the other side's primary argument. There's no tolling, which is to say, you know, you heard rule three plus rule five. This complaint was filed within the limitations period, irrespective of tolling. So we don't need to decide whether tolling. But I think we also have to look at the language of the statute. And if you look at the IFP statute itself, it says that any court of the United States may authorize the commencement prosecution or defense of any suit action proceeding or criminal without the prepayment of fees. And at least the Seventh Circuit, for example, has concluded that based on that language of the statute, when it's read in connection with federal rule of civil procedure three and five, as my opponent cited, says that this statute actually creates an exception to that general rule. And if you read the language of the case, the Seventh Circuit in Williams-Judice versus Board of Education, the courts reach that conclusion. And the other thing that I'd like to. Why do we why do we understand that as an exception as opposed to an authorization? But it gives district courts the power to do something. Correct. That doesn't naturally read into an exception to rules three and five. I suppose it authorizes the court to to use its discretion to not just plainly read rules three and five and then also look at the statute and use their discretion if they so choose to to to look at the statute. But so why? So I totally get that. So you take this. So what that seems to me is it gives them the authority to say, no, I will not authorize this without a fee. Right. Right. And or I will authorize it without a fee. So they totally have that authority. But why does that change the words in three and five? Right. It's giving the district court some authority. Right. It's not creating an exception to three. I don't read it as an exception to three or five. Help me understand how I get from a grant of authority to the district court. Right. Right. To an exception to three and five, which don't don't deal with fees themselves. Well, I think that when you read three and five together with the statute, the conclusion, which was the conclusion reached by the Seventh Circuit, is that it authorizes the court to say that a complaint is not filed until the prepayment of fees and the court here at the district. The way the IFP statute authorizes district courts to make an exception to federal civil procedure three. No, I would say is it authorized that the statute authorizes the court to say that a complaint is not filed when an IFP motion is brought before the court until the application is either ruled on or the fees are paid. And in this case, well, then what do we what do we say about Parisi in that? I mean, what do we say about. So there's a question about whether the actions really commenced until. So let me let me take a step back. So Parisi says the notice of appeal is filed when it's filed, regardless of the fact that there's also a statute that says you have to pay a fee to file a notice of appeal. Now, I guess you could. So let me take one step from that. One step from that to say is, OK, well, let's ignore IFP for a moment. Let's just talk about regular civil litigation where you pay the final fee. I think given Parisi, it would be hard to argue that the same is not true for commencing an action in district court. That is to say, again, ignore IFP. There's a rule that says if you want to commence a civil action, you have to pay a filing fee to commence a civil action. I think given Parisi, it would be extraordinarily hard to argue that a plaintiff who files a complaint but doesn't pay the filing fee hasn't commenced an action. Would you agree with that? Well, I think the action commences when the court either decides to grant the IFP motion. No, no, no. This is not a defendant. This is just a defendant. This is just a defendant screwed up and forgot to pay the filing fee. They're not asking for IFP status. They're ex on mobile. They have no plausible claim to IFP status. They just literally forgot to pay the filing fee. But I think under Parisi, the action is still commenced. Now, the district court could issue order to show cause why should not dismiss your complaint for failure to pay the filing fee. But the complaint is still filed and the action is still commenced, right? I agree, Your Honor. But under the facts of this case, we have a fundamental issue with Mr. Allen's conduct in connection with the misrepresentations that he made. But none of that matters if the action was commenced. None of this matters until we're into equity land. And we're still debating whether we get into equity land at all. Well, Your Honor, one of the things that my adversary pointed out is he says that the majority of the circuits have this view that the complaint is deemed filed as a matter of law when it's filed with the IFP motion. And one of the things that I think it's important for the courts to look at is it's in Williams-Judice, it's in Truett v. County of Wayne, it's in Jarrett v. Sprint. The Ninth Circuit also looked at it in Escobedo v. Appledease. The Third Circuit also looked at the concept in McDowell v. State, and the Fifth Circuit also looked at it in Hernandez v. Aldridge. In making all the decisions that they make, they look at, in addition to the rules of federal procedure, they make comments about the conduct of the plaintiff. For example, in McDowell v. State, the court, in reaching its conclusion that the complaint was deemed filed not when the IFP motion was ruled upon, but when it was initially filed, it says, however, there is no evidence that the plaintiff acted in bad faith. Similarly, in Escobedo, in making its decision, the Escobedo court says, Escobedo delivered her complaint in a timely manner, accompanied by an IFP application, submitted in good faith, but found herself barred from access to the court, and the language goes on. Similarly, in Hernandez v. Aldridge, in making the ruling that it does, the court also says, in its conclusion, it says, the court therefore determines in light of the circumstances of this case, the complaint was timely filed. And so I think that we do have the rules of court and the federal rules of civil procedure which have to be taken seriously, but when you look at the other language in the cases that Mr. Allen's counsel relies on, there's also this analysis about the plaintiff's conduct. And so I think that you have to step back and with asking my presiding colleague for his indulgence, what possible sense would it possibly make to make the timeliness of a lawsuit depend on how quickly a district court rules on an IFP motion? Well, I want to make it, Your Honor, clear. So our position is that when the IFP motion is filed, the timing should toll during the period. So we're not saying that the statute of limitations should run between the time that the motion has been filed and the time that the court rules on it. I can just refile within that two years. So the only time it matters is when the complaint is filed within the statute of limitations and the district court doesn't resolve the IFP motion until the statute of limitations had expired. And then we have to do this equitable balancing test. What possible sense does that make in deciding when a lawsuit started? Well, Your Honor, I think that the circumstances that we have here are unique in the sense that there was evidence below that the plaintiff misrepresented the date that he received the notice of right to sue in order to extend the period of time that he would have had for his statute of limitations to file his complaint. Well, if you can prove that, you might have a valid statute of limitations defense. And you might have other sanctions things. I mean, you know, I mean, misrepresentations have lots of consequences, right? I mean, you know, they don't just, you know, that rule 37 is in play. I mean, district courts have a great deal of latitude to, you know, encourage and discourage conduct based on, you know, the sanctions authority to them. And I think, you know, the things that are talked about may be serious and they may give the district court some stuff. It just doesn't, it seems like separate issues from when the case is commenced. I mean, it was either commenced or it wasn't. And, you know, otherwise we're always in some, wow, did I do enough bad stuff? Is that going to come back? OK, how bad is too bad to determine whether it's commenced? Those just seems like ships that should be should pass in the night and be different ships. And there was an application for sanctions that was also brought before the district court. And for whatever reason, this was the route that was taken. But I think that the key for the court to think about in this case is that while the district court might have taken the wrong route to reach the conclusion that it did, the result was correct based on Mr. Allen's underlying conduct. But that's I mean, maybe that's but I mean, but if we were to decide a case on that basis, we'd be setting a rule for all litigation that comes before us. And, you know, just say, yeah, it's OK to tie the filing fee to conduct, you know, just because you could have done it under a separate rule of civil procedure. That seems kind of, you know, not the way we would be making the best law. Well, perhaps, but other circuits have in their decisions respectfully. And I pointed that out, have looked at conduct as an issue. And so I think that this court could choose to also follow the decisions of the other circuits that have looked at conduct, particularly here when we have someone who filed a complaint misrepresenting the date that he received the notice of right to sue. There was a whole motion to dismiss his complaint based upon that he doesn't do anything to alert the court about that. Then he's deposed. He admits under oath that he provided the wrong date in his complaint. He provided the wrong date in his answers to interrogatories, and he still doesn't do anything to alert the court after there's already a decision that the court issued saying, hey, I'm going to let this play out in discovery and see what happens. There's a duty to have candor. And just because he's a pro se, that doesn't necessarily mean that the court should excuse that. And so for those reasons, I think that the court did reach the right conclusion in this case. And unless the court has any further questions. Thank you, counsel. Mr. Ellis, can you start with with your colleagues argument? And you might say, Judge Easterbrook's argument about 1915 and how it creates, in essence, an exception so that if this was a pay case, three and five totally governed. But because of the authority granted in 1915, a you can't commence an action without the blessing of the court. Absolutely. I think four reasons why 1915 a should not be read that way. The first, I think, is just not clear enough to overcome the very clear text of rules three and five of the federal rules. The second is that 1914 is actually a is the provision that imposes the fee requirement. We read that provision to make the paying of a fee a condition subsequent, not precedent to creating a to commencing a suit. The third is that we think 1914 C clarifies any ambiguity in 1914 a by authorizing a district court to require the prepayment of fees and authorization that the district court in the Eastern District has not taken advantage of. And fourth, I think it'd be hard to read 1915 a to impose that requirement in light of 1915 e that requires district courts to dismiss a case, an IFP case at any time. If it finds that it fails to state a claim or is frivolous, courts regularly in this circuit and other circuits dismiss those IFP cases on those grounds without ever ruling on an IFP motion or to dismiss something that hasn't been filed. Very, very puzzling. But isn't that just the congressional like congressional ordering of decision making? Right. So it's like a congressional version of steel code. Right. You don't have to do this before you do that. Right. I mean, you know, Congress like maybe has that authority. We can maybe debate that or not. But maybe they don't. It would be a puzzling thing to dismiss with prejudice a suit that hasn't been commenced. And if your honor would brings up Stilco, if that statute of limitations is jurisdictional, it would be barred by steel code to do that. And I and I apologize. It's not just it's not jurisdictional here. Right. It's not jurisdictional here. No, you're I'm just saying it's not. It's sometime is jurisdictional. And 1915 doesn't make an exception for one way or the other. And if I could, one one final point, I think it would be a bit perverse to to read 1915 to create a disadvantage, uniquely disadvantage IFP petitioners in how they timely commence their. It would be a unique disadvantage because a party that was trying to commence a paid law school could just screw up and not attach the filing fee and they'd be fine. Absolutely. I think that would suggest that very strongly, as you suggested. And I heard my my friend concede that point. But that's the perversity. The perversity is the perversity. Thank you, counsel. We very much appreciate your assistance with the case as well. Miss McCudden, as you both well know, we would love to come down and greet you and say hello in person. We certainly hope that we'll return to that tradition and get a chance to to be with you in person before too long. But thank you for the day. And Madam Clerk, if you would adjourn us for the day.
judges: Julius N. Richardson, A. Marvin Quattlebaum Jr., Toby J. Heytens